Mr. Chief Justice, and may it please the Court. American Pipe gave individual claimants the benefit of equitable tolling for two reasons. One, the plaintiff had shown diligence by coming to court to assert his claim when class certification was denied. And two, enforcing the statute of limitations would undermine Rule 23 by encouraging individual claimants to come to court. Neither of those reasons suggest that the Court today should expand American Pipe. There's no basis to extend tolling to absent class members who have not shown diligence by not filing their own claims when class certification was denied. And once class certification is denied, the extraordinary circumstance of protective individual actions no longer exists. Ginsburg. Is it your position that once certification is denied, then members of the now defunct class can come in and bring their own individual actions, but that's it? That what American Pipe preserves is a right? If you were a putative member of a class, class motion denied, you can then bring your individual claim, but not any class claim? Yes. If the statute of limitations had expired and you are seeking equitable tolling, then American Pipe and Crown Cork say that you can come to court and assert your individual claim. If the statute of limitations had not expired, another class action could be brought. And what we are proposing is that the Court honor the statute of limitations and require that anyone who wants to file a class action come to court early and in no event later than the running of the statute of limitations. Sotomayor, what about honoring Rule 23? It seems to me that you are creating an exception to the rule. If you just read it on its face, the statute of limitations hasn't run because of American Pipe and Crown Cork, so why shouldn't that rule be available to you? The statute of limitations has run. What an individual can do is show that it's entitled to equitable tolling. And you do that two ways. By showing that by coming forward to the court and asserting your claim, and to show that the extraordinary circumstances no longer exist. So these people have their claims, but Rule 23 has run out on them. Remember, in this case, we already have a determination by a court twice that class certification is not appropriate. The statute of limitations has run, American Pipe and Crown Cork say you can bring your action, but it has to be an individual action. Kagan. Kagan I guess I don't understand, Mr. Aronson, why the diligence argument doesn't work the same way in the second stage after the denial as it does in the first. In other words, in American Pipe, what we said was if you are relying on a class action, that's diligence enough. Now, you know, that might itself be controversial, contestable, but that's what we said in American Pipe. And I guess having said that, I don't see why it's also not diligence enough to rely on a new class action. What American Pipe and Crown Cork say, it is diligent to rely on the class action until class certification is denied. And at that point, you must come forward with your claim. No, I don't – I mean, it obviously didn't deal with this case, but the whole theory of American Pipe was that for any given individual, we weren't going to make them come forward. We were going to say reliance on a class action is sufficient to show diligence. So here, these people are doing just that. They're relying on a class action. It happens to be a second class action. But under the same theory, they should be able to rely in order to show diligence, that that's what we said counted as diligence. But once the class action fails, it is not diligent to rely on an untimely class. That's the difference. The statute of limitations is run. And if the Court enforces the statute of limitations, all of these issues will be solved up front. We would have before the Court, early on in the case, all those who wish to present class claims, not wait until the end, not wait until after the statute of limitations, but everyone come in early so that the district court can pick the best representative and make the best class determinations early on. Sotomayor, I'm sorry, that's not – the statute doesn't talk about the best representative in terms of individual members. It says the best representative is who has the greatest financial interest. So if I'm – if my financial interest is moderately sized or small-sized, there's no inducement for me to do anything other than what American tolling tells me to do, which is to wait until the class issues are resolved before stepping forward. Well, Your Honor, I was answering the question from Justice Kagan in the broadest sense, but under the Private Securities Litigation Reform Act, the PSLRA, which you mentioned, yes, there's a regime there that does require that these issues be resolved early on. It does, but it says how, and that how is based on American tolling in part because it's suggesting who should be the lead counsel and the lead plaintiff. Right. The PSLRA does have a regime set out for who should be the lead plaintiff and the lead counsel, and it anticipates that there will be multiple class actions filed, and those class actions will be consolidated, and then the Court will pick the best lead plaintiff and the best lead plaintiff's counsel, and that regime is to be— Sotomayor, so your regime is now encouraging the very thing that American Pipe was trying to avoid, which is to have a multiplicity of suits being filed, and encouraging every class member to come forth and file their own suit? No, Your Honor. That's what you're suggesting? No. American Pipe and Crown Court say we don't want you bringing your individual actions while the class action is pending. It says nothing about bringing on your own class actions. Please tell me. I'm sorry. Go ahead. Let's suppose you're right about that, Mr. Aronson, that what Rule 23 is primarily about, it's a comparison of class actions to individual actions, and saying there are times in which we think class actions is the more efficient way to do things than a million individual actions. But, again, that interest seems to be the same here, because once the class certification is denied, you're saying, well, now everybody has to come bring their individual actions. And I think what somebody who was looking at the American Pipe reasoning might say is something to the effect of, no, just as at time one it made more sense to have a class action than a thousand individual actions, so, too, at time two it makes more sense to have a class action than a thousand individual actions. Nothing has changed. Well, American Pipe and Crown Court say you bring your individual actions. So this is not my proposal. It's what the courts have said should happen because. Well, here again, of course they didn't deal with this case. All I'm suggesting is that both interests that they mention are served in the identical way with respect to what should happen after denial of a class certification motion as before. In the abstract, yes, Your Honor, but when the statute of limitations intervenes and it does cut off rights, then we have to see whether or not the individual members are entitled to equitable tolling. Well, there was always a question in American Pipe that we were doing something extraordinary, that we were saying it doesn't matter that the statute of limitations has run on you. And we did it for two reasons, because we thought that there was enough diligence and because we thought that Rule 23 policies indicated that we should encourage the class action device rather than the individual action device. And here, again, the exact same thing is true. Diligence is shown in the same way by reliance on the class. And once again, even after the denial of a single motion for class certification, Rule 23 would indicate that we don't want to have a million individual suits, but instead want to encourage a class. Well, Your Honor, it is not reasonable to rely on a class action where the statute of limitations has already expired. If you – if we enforce the statute of limitations, Rule 23's interest would be served, because we would have the classes coming forward early, and those who want to lead the class, who feel they can do a better job than someone else, will come forth to the court, make their case, present their class representative, and the court can decide which is the best way to proceed. That's much more efficient, but much more in line with Rule 23 than having seriatim shots at trying to get a class certified, which is what we had here. Roberts. I'm sorry. I just – no, please go ahead. My question is, does the reason why the class was denied have any bearing on the rule that you're proposing? And I see various different potential kinds of reasons. Let's say that the plaintiff is inadequate, like happened in the second case here, that there was some collusion between plaintiff's counsel, and I'm using a loaded term, but more as a hypothetical, which is the plaintiff isn't representative of the class, the plaintiff has a special relationship with counsel. Any of those inadequacies of plaintiff's counsel, is that different from a deficiency in pleading, in your mind? It is until you get to the statute of limitations, but, yes, if there's a class-wide defect, that's one thing. That's what happened in the first class here, where there is a ruling from the court that this case cannot go forward. Sotomayor, so are you saying that if that ruling had been that plaintiff's counsel was inadequate, the former – the Third Circuit rule, let's call it, that that wouldn't bar a subsequent class action? It would if the statute of limitations had run. So you don't see the reason for the failure of the class to have any bearing on the right of a subsequent class to be formed? Not once the statute of limitations has expired. That person who is part of the class who wants to proceed can come forward with his or her individual claim. But if we follow the statute of limitations again, and we have multiple class actions that are decided at the outset as who's the best lead plaintiff, and something – and they join those cases, whether through consolidation or however they join them, those other people who want to lead the class will be part of this case. So if something happens with the lead plaintiff, then there's someone else right there who can step right in and say, okay, that lead plaintiff, lead plaintiff might have died. If something might have happened with the lead plaintiff, there will be others there lining up ready to take over. That's why enforcing the statute of limitations would serve the interests of the class members and serve the interests of Rule 23 by having all of this decided at the outset. Mr. Chief Justice, counsel, just returning to where the Chief Justice started us, under American Pipe, we say that equitable tolling gets you a new claim here, and you accept that. But you ask us to write an exception to Rule 23. So you get a new claim except for Rule 23. You don't get the benefit of that rule. Is there another circumstance where courts have allowed equitable tolling but denied access to procedural mechanisms in a subsequent suit? Well, yes, there are. There are class action waivers that have been upheld by this Court. Now, I'm talking about after equitable tolling that this Court has imposed and allowed a new suit. Can you think of another example where in that new suit the equitably tolled plaintiff is forbidden from accessing a particular procedural right, otherwise available to all litigants? I'm not aware of another procedural rule, but it directly applies here under Rule 23, because the absent class members, their claims are untimely. They cannot be aggregated. The absent class members who sit on their rights have their claims expire. So there cannot be a class of untimely class members. What we do to create that rule, I think the question was, is there any other situation where we have equitably tolled someone's right to bring a suit and deprive them of a procedural right? I'm not aware of any. But we're not asking the Court to write a new rule. We're asking the Court to apply American Title. Oh, you are, because you're by its terms, and we said it in Shady Grove, Rule 23 is a procedural mechanism that is available to everyone who can meet its requirements. Right. But Shady Grove is different from this case in equitable tolling in this sense. Last term in the CalPERS v. ANC Securities case, this Court said that the origins of American pipe tolling do not come from Rule 23. Rule 23 says nothing about statute of limitations, tolling, or limitations. The American pipe rule comes from traditional principles of equity. And those principles require diligence and extraordinary circumstances. So it seems to me that what you're proposing is that we give preclusive effects, something we've said doesn't exist, to bar unnamed plaintiffs in a second suit, to whatever the findings of the prior court were with respect to the class. So you're asking us to say, no, no, no, there is a preclusive effect. No, it's not. It stops you from invoking a class act, your class action rights in a second suit. We're not claiming preclusive effect at all. And we know from Smith v. Bayer we could not find an action. But I don't understand how it's not. Because we have a statute of limitations that's cutting off their claims, not a preclusive effect. What you're asking us is to write a new American pipe rule. No, we're asking the Court to apply the statute of limitations as written. Alito, are you asking for an exception to equitable tolling, or are you arguing that these claims are not equitably tolled because there was not diligence with respect to them? The latter, Your Honor. Equitable tolling requires diligence and extraordinary circumstances. And someone who sleeps on their rights and doesn't present her claim, those claims will expire when the statute of limitations expires. Someone who's just sitting back and doing nothing is not entitled to equity. We're not aware of any case in which someone slept on their rights and was given equity. Kennedy, not on the first class action. On the first class action, you might not have ever heard about it until it's dismissed. And then you say, oh, well, there was an action there. And you have tolling. Right. For the first one. Right. You have tolling for whenever the one. You don't have to show diligence. You just have to show there was a class action pending. Well, the diligence is shown as asserting your claim if the statute of limitations has expired. Once the class action has ended. Correct. Yes. Right. But that's. But diligence with respect to bringing the class action terminates. You then file as timely as you can after that. And you say the individual claim is all right. But that person who has not slept on her rights, because she has brought it immediately, can't bring her suit as a class. Correct. Because it would be being brought on behalf of other class members who are not entitled to equitable tolling because they have done nothing. We cannot use Rule 23 to resuscitate claims that are not alive. That would be a Rules Enabling Act issue. So what they all have to do is they all have to file individual claims. Every member of the class. Anyone who wants to file a claim can come forward and file a claim. That's exactly what American Pipe said when they said they should move to intervene. And Crown Cork, which says that they should, they can file their own class, their own complaint. And the judge. The lawyer walks into the judge's chambers and says, here in my hand I have 10,000 complaints. And he says, you know, they're identical. Would it be all right to consider those as a class, just those? That's okay, because they all wrote out the complaint, right? Well, the Federal courts are equipped to deal with mass torts, with mass situations like that, Justice Breyer. And they deal with that whether there's a class or not. So the fact that it happens after the class shouldn't matter. The courts have consolidation orders. They have the full panoply of docket management that our Federal judges have on a day-to-day basis. Sometimes, yeah, there are claims that come by the thousands. Sometimes they don't. Kennedy. Kennedy. Suppose in this, the first class action is dismissed. A thousand plaintiffs diligently bring, or a hundred plaintiffs diligently bring their individual causes of action within the statute. At that point, would your rule say if they can, there can be a second class action, but there's no further repose or no further tolling? Well, it's not my rule. It's the statute of limitations. But if I understand the hypothetical, if the statute has not yet run after the denial of the first class, you can file a second class action. Because it's not binding on absent class members. We know that from Smith v. Baird. I'm sorry. You're basically saying there's a statute of limitations to bring a class action. There's no statute of limitations under American pipe after the statute has expired for bringing an individual claim. Well. So assuming Justice Kennedy's hypothetical, cases lasted more than the statute of limitations, there's a thousand individual suits that were filed. Could the Court then say, those thousand I'm going to treat as a class? You're saying no. If it's – I'm not saying no to that. If it's a class of those thousand people only, I could see that the Court might want to deal with that. But it doesn't have to be a class. The Court can deal with it however it wants to. I'm sorry. This makes no sense to me. You just said the statute of limitations would stop it from being a class if it's run. It would stop. But the Court could do it anyway? Because the Court cannot certify a class of absent class members who have slept on their rights and are not entitled to tolling. But if a thousand people show up in court, there's many things that the judge can do to deal with the thousand people. It happens all the time. It's not optimum. But that could happen even if there wasn't a class in the first place. There could be some event that occurs. People say, I don't want to file a class action. I want to file my own action. And a thousand other people say the same thing. That can happen. And American Pipe doesn't save them. The statute of limitations would apply for their claims. And they were all diligent by stepping forward. But they're not diligent if they sit back and wait until someone tries a class action twice, the statute of limitations fails, at that point they have to do something. And equity requires that they come into court and file their complaint. But not as a class? Not as a class. Because the interest that Crown Cork and American Pipe were protecting was, and this is the extraordinary circumstance, what the Court said was, we have a class action going here. We don't want all of you individuals out there to file your individual actions while the class action is pending. Let's give the class action a chance and see if it works. And if it doesn't work, okay, the extraordinary circumstance is gone. Now step forward. Your claims are alive. You have your claims. We're not taking away anyone's claims. The class didn't work and the interest was protecting individual claims. Those are the ones that are entitled to tolling, not class claims. Neither of those courts said don't come forward with your class action, and multiple class actions can be brought, as you pointed out, Your Honor, in the Private Secures Litigation Reform Act. And if you enforce the statute of limitations, you push all of this to the front end of the case and not to the back end. And the back end is where we get into all these problems as to whether or not we have equitable tolling, whether or not people have asserted their rights. They will all be protected because they will have the best class representatives and the court will be able to make the best class decision at the outset. And all we're asking the court to do is apply the statute of limitations. We're not asking to come up with a new rule. We have the rule. Congress gave us the rule. And what we're proposing is that we not expand the intrusion into the statute of limitations with another court-made doctrine that we did in American Pi by saying now it applies to class actions. There's no justification for that. There's no basis. Kagan well Mr. Ernst, let me give you a hypothetical. I mean, suppose it's one of these class actions where there's actually a very serious wrong, and aggregate damages are very high, but each individual person's damages are very low-$32. And there's a class certification motion, and let's say in this that there is that that motion is denied for a reason that really has nothing to do with whether this is something that's properly treated by a class action. Let's suppose that just in the individual facts of the case, this was a bad-named plaintiff, not an adequate representative. Your theory would then say, okay, so he's dismissed, the statute of limitations is run because these things take a long time, and then all these people with extremely valid claims, claims that we would want to be brought in order to force defendants to internalize the costs of their illegal behavior, well, too bad, that just can't go forward. Under our theory, if you force the statute of limitations and announce that we have a statute of limitations, we're not going to allow all of this back-end maneuvering, then people will step forward so that if there's a problem with that. They all have claims that are $32 claims. Well, you know, people have $32 claims, and they have to make a decision as to whether or not they want to pursue the $32 million, $32 claims. Kagan. But that is the entire purpose of Rule 23, is that we understand that with respect to some category of claims, we're not going to have them individually, or it would be so ridiculous if we have them individually that we would prefer the class-action device. If it works, but if the class-action device doesn't work, then the individuals have their own claims. Well, but again, here it's not working just for some reason that has nothing to do with the appropriateness of class treatment. It just has to do with the fact that one named plaintiff is not a good named plaintiff. Right. And if we have all of these cases up front by enforcing a statute of limitations and requiring anyone who wants to leave the class, and hopefully there will be more than one and not others sitting back and waiting for the statute of limitations to expire, but coming up forward and something happens with the class representative that you mentioned, there will be someone else waiting there because they will have filed their claims early. They would have been part of that case and can step forward and they could fix that. And even if the statute had run and if they were part of the case, then it would relate back. So the statute of limitations would not be an issue if we get people in court early. Kennedy. In that instance, is there ever an amended complaint that relates back? You can't have an amended complaint that relates back also, Justice Kennedy. So it's the subsequent class-action where the evils are, not in the initial class-action. And if we get everyone up front in that class-action, then you'll have – you won't have this problem because you'll have other class representatives ready to go and can step right up and they will have been part of the litigation. The litigation should not miss a beat at that point. But if there's a problem with the class representative and there's someone else that says, you know what, I wasn't chosen to lead this class, but I think I can do a good job and apply to the court to do that. I'd like to reserve the rest of my time. Thank you, counsel. Mr. Frederick. Frederick, thank you, Mr. Chief Justice, and may it please the Court. I'd like to start with the question that you posed and the one that Justice Gorsuch posed about the application of Rule 23. Petitioner concedes that every individual class member had a timely claim at the time the second class certification motion was denied. That concession means that you have to consider whether or not there is some exception to the notion that all of the rules of civil procedure apply. In the Shady Grove case, this Court held that if an application for class certification is made under Rule 23, it applies automatically if the conditions for Rule 23 are satisfied. So under the rules of civil procedure, civil procedure Rule No. 1 says it applies to, quote, all civil actions. So when that missing. Alito, I don't think they made that concession. I don't think that's a fair characterization of their argument. I don't know whether I agree with their argument or not, but I don't think that's the argument. The argument is basically this. You've got a statute of limitations. Courts have to follow it, like it or not. Now, how does a court justify allowing somebody to file a claim after the statute of limitations has run? And the theory, they say, is that there was this old doctrine of equitable tolling, and when Congress enacted the statute of limitations, it did so with the understanding that it would be subject to the doctrine of equitable tolling. So in order to allow the claim to be filed after the statute of limitations has run, it has to fit within the doctrine of equitable tolling. And equitable tolling requires diligence and extraordinary circumstances. So you have to show that those are present in the case where a new class action is filed after the expiration of the statute of limitations. If, you know, if you proceed from the assumption that there they that all of the members of the class had claims that were equitably tolled for all purposes, then, of course, your argument is a good one, but they don't proceed on the basis of that. That is not they do not concede that premise. Well, the second class action here, Smythe, was filed within the statute of limitations, period. So I think you have to confront the question of the logic that Justice Kagan's questions pose, which is why doesn't the same diligence and extraordinary circumstances that applied in the first timely filed class action also apply in the second timely filed class action? Kagan. Kagan. Kagan. Kagan. But I had the same question that Justice Alito had, because let's assume, just for the sake of argument, and you can tell by my questions I'm a little bit skeptical of this, but let's assume that the interests were different. Is your argument about Rule 23, about the Rules Enabling Act, about Shady Grove, about Tyson, is that an argument that applies even if you think that we're in a different world with respect to diligence and exceptional circumstances? It would, although I think that it is fair to say that this Court's decisions, including last term and A and Z and Kalper's, describe the American Pipe Rule as a different form of judicial equitable power designed to enforce the principles behind Rule 23 and to promote judicial efficiency in the adjudication of individual claims. And that's why in the Menominee decision, the Court distinguished between, quote, class action tolling and the type of equitable tolling that arose in Holland for individual claims where you have to look at both due diligence and extraordinary circumstances. And I would think that the way you synthesize and rationalize these principles is that you say the American Pipe Rule does satisfy those classic instances of due diligence and extraordinary circumstances, but they do it in a somewhat different way, because we are trying to incentivize people not to bring duplicative claims. That was the whole driver behind the American Pipe Rule to begin with. That's the extraordinary circumstance. And the question then about due diligence is, do you look at due diligence before or after the case was filed? Classically, under equitable principles, you looked at what was the due diligence of the person before the case was filed. Here, the idea is that a class member who is an absent class member is exercising the due diligence by relying on the American Pipe Rule. Exactly. All right. And that's pretty unusual, right? I can't think of another example in equitable tolling doctrine where we do this. Which may suggest some question about whether American Pipe is correct. And if we have doubts about that, why should we extend it so radically here in a way that was unforeseen even by the authors of American Pipe? Well, you're not extending it, Justice Gorsuch. And the reason you're not extending it is because if a claim is a timely filed individual claim, all of the reasons to deny encouraging and incentivizing duplicative, multiple claims, those all apply. I'm sorry to interrupt, but if we doubt those rationales, if we doubt American Pipe and think that it doesn't really represent true equitable tolling principles in common law, why would we extend that? Well, you wouldn't – again, you would not be extending that. What I think you would be doing is to say, as Mr. Aronson, I think, has acknowledged that the individual claims are timely under his reading and his understanding. And then the question is – But only on the understanding of American Pipe that it's after the fact rather than before the fact. That's the difference, I guess. And that is an expansion. What he's proposing is an expansion on the idea of what due diligence is, because you don't classically look at due diligence after a case has been filed. You look at what was the plaintiff doing before the case was filed. And so to that extent, he is asking for an expansion from what the common law understanding of equity was in the determination of equitable tolling. I guess I'm not going to go into that. Ginsburg. Mr. Frederick, there's one thing I find very puzzling about your argument, that is your reliance on Shady Grove. Rule 23 says nothing about tolling. Tolling is, as you have said, an equitable doctrine. Tolling is made up by courts. Courts decide if there is tolling, how long the tolling will be. They're not tolling questions and not resolved by the Federal rules. Equitable tolling is court-made law, not rule-made law. Frederick, it is correct that Shady Grove did not address tolling. We distill the principle from Shady Grove, however, that if a plaintiff has a timely claim, which we assert has been conceded here for individual claims, then the rules of civil procedure apply automatically, and all of the rules apply. He's acknowledged, I think, today, that Rule 20 and Rule 24 apply, so that intervention and joinder can occur, and the question is, what is the principle of equity that says Rule 23 doesn't apply? He says it's, I think, I think, and I don't want to put words in his mouth, but I think let us focus on someone like me, or a common person. What you do is you sit home, you go to your office, and one day this complicated letter comes, and it says, there is a class action being filed, did you buy some pencils from so-and-so during a period of time, and if so, you are entitled to some damages, and do you know what I do about that? Nothing. It tells me I have a right to opt out, nothing. Do I finish reading it? No. All right, now, think of people who are like that. Now, what happens is that first letter came when plenty of time to file a suit. Then there was a class action. Then it got dismissed. Then some individual people filed because they were told. Now he's saying, let's look back to that common person there. Do you know what he did the second time? Nothing. Did he read the letter? No. Did he throw it in the wastebasket? Probably. All right. So as to that, he is saying, it is not equitable to give that person who didn't even read the letter a second chance again to be a person who didn't read the letter. I think that's something like what the argument is. And I think that the answer to that was actually addressed by the principal drafter or reporter of Rule 23 when it was amended in 1966. Professor Benjamin Kaplan, who was the reporter, had a very long article which this Court has cited I think nine times in the Harvard Law Review in 1967. And what he explained was that the reason for this change, in part, was to address the situation of the small claim of the small person. Those were his words, not mine. But the idea behind bringing a representative action was the idea that if you had what would be a small value claim, you had the ability to aggregate those claims by the filing of your class action in Rule 23 without that. If anybody questions the importance of that, that function of the rule, I think the question that Justice Breyer is getting at, and I guess I am, too, in a way, is can you stack them forever so that try, try again, and that the statute of limitations never really has any force in these cases? What do we do about that given the congressional judgment that there should be a statute of limitations? And what restraints might there be if not the ones that your friend proposes? The Ninth Circuit suggested, for example, that class action attorneys would exercise restraint. Should we rely on that? Justice Gorsuch, I would have a couple of responses to your question. In the securities context, we know the answer that the repose period is the outer limit. For cases where there is no repose period, what the Ninth Circuit proposed and suggested was that the principle of comity is the most powerful mechanism for limiting the any concern that there might be about serial class certification motions. We know from Smith v. Bayer that the first denial of a class certification is not issue or claim preclusive. So then the question is, what respect does the second court apply when the same class is brought forward with the same claims? There are multiple cases in the district courts that have dealt with this very issue outside of statutory context where there is a repose period. We've cited them on pages 41 and 42 of our brief in Note 9. I would point the Court in particular to a case called Winnick Foods, where Judge Breyer in the California district court has noted that there is eat – it is relatively easy for a district judge to determine whether the same rationale would apply to deny the second class certification motion as the first. There is another decision called Ott, which we cite in that footnote, and there the district court looked very carefully at what were multiple subclasses and said one of them the same rationale would apply, that one is not allowed to be brought, a second one the same rationale would not apply. Ginsburg, That's preclusion, but not calling it preclusion. If you're saying we look at the two class actions, if the second one is the same as the first, we're not going to allow it, but we'll call it comedy instead of preclusion. Is that? Frederick, No. It's not preclusion, Justice Ginsburg. It really is comedy in the sense that the rationale has to be the same. So here we know in our case the first class certification motion was denied because the lawyer and his expert made a foot fault. They were unable to come up with the requisites of the fraud on the market reliance theory, a problem that was corrected in the second case, the Smythe case, where the evidence was so overwhelming to meet the fraud on the market presumption that the other side did not put in any contrary evidence. And so the question here really is, are you going to deny what is undoubtedly a meritorious fraud by a company that was delisted from the NASDAQ Stock Exchange by the SEC for completely cooking the books, because the claims that are being brought are by small-value claims that are seeking to aggregate them? Roberts, No, you're going to deny it because the claims are filed outside the statute of limitations. Frederick, Your Honor, respectfully, the Smythe case was filed inside the statute of limitations. And so the question is, why would you apply a different equitable principle for tolling to the second one as opposed to the first one? And here, what everybody, I think, has acknowledged is that the question in equity, Justice Kennedy, is whether or not there are two questions. One is, does equity allow the Court to say you can apply certain rules of civil procedure in one setting but not in another because equitably we say so? So your response is, if I understand this correctly, to my worry, I said, well, I sit up in the, you know, with my pencils or whatever, and I sit up in the attic and I never read my mail and da, da, da, and you can bring the class action, and I get rewarded, even though I've never really done much of anything, and I've done it, and you say, well, why does that solve, why does my claim survive the running of the statute of limitations? And your response to that is, well, you behave no worse the second time than you did the first time, and that the reasons for giving you this reward are exactly the same. They are no different, because it really had nothing to do with time. It had to do with the desirability of allowing small claims to be recognized. Do I have that correct? Well, I think that the problem about the incentives is misunderstanding what the representative action that's being brought in a class action is designed to do. It's intended to say, in this kind of context, I have a low-value claim. If my claim individually were to proceed, I probably would spend more on lawyers than I would be able to recover. And that's why Rule 23 provides, as a representative matter, that you can aggregate these claims in order to make sure that the low-value claims are all brought together. Breyer, so you're saying, you're saying that, and his, his, they have to show is, well, why is it worse the second time than it was the first time? Is that right? Yes, but what the courts have said, what the courts have said is that the reason this Court in particular, in Crown, Cork, and American Pipe, is we want to avoid having duplicative filings. I mean, one solution to the issue that you are surfacing through your various questions is that multiple class action cases get filed, and then the district court is dealing with what are a large number of filings in a procedurally complex matter to determine which class action ought to be the one to rise to the top, and you're having exactly the same problem this Court asked to avoid. In Petrobras, which the National Council, National Conference of Public Employment and Retirement Systems brief on page 7, points out that there were 500 protective filings in the Petrobras securities litigation. Well, one reason that the second might be different, might be different than the first, because if you allow the second, you've got to allow the third, and then the fourth, and the fifth, and there's no end in sight. And what judges have held, Mr. Chief Justice, is that the end in sight is that you have to have a new rationale for why the subsequent class certification motion should be granted. And they get denied, and they get denied fairly routinely, and they get denied across the broad spectrum of the statutory claims that people bring. And that is the empirical truth of it, and it is a solution that this Court in Smith identified as the mechanism, because this Court could have cut this off in Smith several years ago by simply saying, you only get one shot at class certification. But the Court unanimously held no, because it is not preclusive against the absent members. And if you apply that rationale with the idea that if there is tolling, you have a chance for a meritorious class. Here we have a situation where, because of inadequate representation functionally, a class of what would have been a very meritorious set of claims against this company that had committed fraud is basically being foreclosed because of the inability to bring high-value claims on an individual basis or to have adequate counsel who can properly construct a securities class action. Alito, you argue that if the second, let's say class certification is denied in the first case, then a second case is brought. And the new district judge doesn't say, well, I just think the first district judge was wrong, and I don't care about, I know I'm not going to accept that as a matter of comedy. Is there any remedy for that? Well, I think, Justice Alito, I've not encountered that in the cases. What frequently happens is that these subsequent cases get related and transferred back as related cases under various MDL procedures. But I think the answer to your question would be resolved under an abusive discretion standard, and the issue on appeal would be should the second judge have applied comedy on the basis that the same rationale applied? I think that would be the argument, and that would be how a court of appeals would review that. I've never seen this as an enforceable, you know, as an enforceable doctrine. I would think the second district judge would be perfectly right in saying, look, I have to apply the law independently, and I'll give respectful consideration to what the first judge did, but if the first judge was wrong, I'm not going to follow what the first judge did. I think that, and that's why it is under an abusive discretion standard, because one would be looking at did the district court abuse the discretion vested to him or her in that circumstance. But I would point out that I'm not aware of where these kinds of cases get appealed and brought up, and precisely because of the point that Justice Gorsuch raised from the Ninth Circuit opinion, which is that attorneys who are bringing these cases tend not to bring them if they are not going to succeed. Here we have a situation where because of the default by the attorney, there is a meritorious case, it should have been certified had it been properly brought, and the question is whether or not the time ran out. And that leads me to the point that if we were to rule against you, it seems to me the effect might be that we would encourage more protective filings, and that would solve the problem, wouldn't it? We wouldn't have to create these extraordinary rules in extending American Pipe in new ways. We'd just create a new incentive structure that would ensure that there are backup class actions available. What's wrong with that? I think that what's wrong with that is that it is inconsistent with what led the Court to the American Pipe principle to begin with, which was that this was really a balancing among a multiplicity of interests. And we're now balancing a multiplicity of interests in a slightly different context, and why wouldn't the balance with respect to encouraging protective filings might be slightly different here? I think that the answer is that one of the rationales of the American Pipe rule was to protect district judges from having to do a lot of unnecessary work in processing both individual and protective class action claims, and to do a lot of things that have to be done as administrative matter that's unnecessary if you recognize the representative nature of the class action that is filed. So the alternative is backhand administration over comedy questions that are effectively unreviewable. Well, how do we weigh those two interests? I don't agree that these are comedy questions that are unreviewable, and of course, where you have transferable. Are you aware of any court that's ever held that a district court abused its discretion in declining to follow another district court's decision? No, but I'm also not aware of any decision of a court that says that just because you have an equitable tolling of an individual claim, you can't use all of the rules of civil procedure that are available to you. I mean, we are in uncharted waters to some extent, Justice Gorsuch. But I think that the first instinct of the American Pipe court, as reaffirmed in Crown Cork, was to say that the tolling applied to, quote, all class members. And remember, when the court was denied. Ginsburg. The underlying idea, I thought, of American Pipe was class action denied. Anyone can come in in a window after that. They are diligent. But the class members that have done nothing, that are sitting tossing the notices into the waste paper basket, they are not diligent. So American Pipe is protecting diligent parties who will come in immediately after class action is denied, and the ones who don't come in are still sleeping on their rights. Right. But the second subsequent class action here, Smythe, would satisfy the diligence rationale. Well, that one, too, Smythe was within the statute of limitations. That's correct. This one isn't. That's correct. But the rationale, the logic of it applies in the same way. And it's not correct, I don't think, Justice Ginsburg, to say that the court in Crown Cork was talking about diligence. Remember that in both American Pipe and in Crown Cork, the class certification denials were done because the class certification could not meet the requisites of Rule 23a. And that meant that there was not going to be a possibility of a class in those factual circumstances. So it would have been natural to suppose that there could have been people who were worried about the weaknesses, the vulnerability of the class representative could have intervened in that action. They didn't have to wait until the class action was denied. And, Justice Ginsburg, that goes to my point, which is that equity should not allow the courts to pick and choose which rules of civil procedure apply if you have a timely filed claim. You know, the principle here that I think has been important is the idea that the procedural rules shouldn't matter. And what ends up happening is that the Petitioner's position has particularly harsh results because the defendant has much more control over the running of the statute of limitations. Here, both the Dean case and the Smythe case were settled through individual settlements. So if you were to hypothesize that a defendant who did not want to face a follow-on class action would simply wait until one day after the statute of limitations has expired and the class certification motion has not been acted on yet, will simply buy off the lead plaintiff and know that it will never face a class action. Sotomayor, Mr. Frederick, there's been a circuit split. I see it as three ways. The first, second, fifth, and eleventh circuits have basically followed your adversary's rule. The third and eighth say if there's a deficiency in the plaintiff, they will permit a follow-on class action, but otherwise no. And I'm assuming that that's the rule you should – you would like here to say in Smythe it was a timely class action, the only deficiency was in the plaintiff, not in my claim. And so you would win here. And in the ninth, and I think the ninth and the sixth, and somebody else has – have followed the rule you're trying to advocate for. Go back to the third and eighth argument a little bit and tell me if we're thinking of doing what your adversary says, why shouldn't we accept that compromise? Frederick, I think that the compromise position would certainly solve the problem in this case because of the information. Sotomayor, for you. Frederick, for me. So leaving that aside, I think that if you were to do that, you would affirm on a separate basis, but the judgment of the Ninth Circuit would be upheld and the case would be timely and allowed to go forward. I think that the principal difficulty from it as a doctrinal matter is that the Court has not tended to use these types of equitable arguments as a way of having Rule 23 operate as a toggle on and off switch, and that, I think, is where you have a certain amount of analytical difficulty. The way we have proposed the solution to this case is if the claim is timely and it's timely as an individual matter, the individual can bring in, under Rule 23, that is a very straightforward, clean, simple rule. So if you were to then look at, say, we don't accept the simple rule, we want to have something a little bit more complex, I think at the very least you would say, was the plaintiff who brought that adequate to represent the class and was there a deficiency in the adequacy of that representation? And I think to that extent, you would then have to look hard at what were the various factors that went into that adequacy. It becomes a much more complicated question when, I think as the Court has told us, we want these timing rules generally to be simple and straightforward so that litigants know how to follow them. But certainly as a matter of equity, it does not seem fair where you are talking about a rule that is allowing potentially meritorious claims to go forward to be snuffed out simply because the person who got to the courthouse first happened not to be competent in bringing about the kind of case that would be representative of all of the various plaintiffs. Unless the Court has any further questions, we will submit. Roberts. Thank you, counsel. Mr. Aronson, five minutes. Aronson. Let me begin by saying that we have not conceded that all of the absent shareholders' claims are timely. They are not timely. They are not timely because they have not come forward. Mr. Resch's individual claim is timely because he showed the diligence by filing an action, and these extraordinary circumstances existed beforehand where he should not have filed that action. But as to absent class members, they have not shown any diligence. They have not stepped forward to file anything. And there are no extraordinary circumstances because the class has been denied. And we are not saying that Mr. Resch is not able to use Rule 23. He can, but what he cannot do is use Rule 23 to revive claims that have been dormant, that are not timely. That's what he can't do with Rule 23. But if he wants to come into court and say I've got a Rule 23 claim, fine. There's no one else in that class because they have not filed their – they are not entitled to equitable tolling. Let me also address what Justice Alito and Justice Gortz has identified on comedy. To illustrate how weak comedy is as a defense is we asked the judge in Smyth, who was the same judge in Dean, we couldn't say you're precluded because Smyth was filed in a timely way, so we cannot use preclusion under Smith v. Bayer, so we said we'd like you to show comedy. The district judge wouldn't even show deference to himself, so how can we expect other judges to show deference to other judges? That's how we do it. Kagan. Well, I thought that that was because the problem that he identified had been cured. It had not been – well, it had not been cured. He thought that Smyth might be able to do it in a different way and then threw out Smyth because of adequacy and typicality grounds. But we asked for comedy, and we didn't get it from the same judge. And, Justice Kagan, you earlier remarked that American Pipe says that the class members are diligent for relying on the class, yes, but up to a point. And let me read from Crown Cork, and I'm reading from 103 Supreme Court at 2397-98. We conclude, as did the Court in American Pipe, that the commencement of a class action suspends the applicable statute of limitations as to all members of the class who would have been parties had the suit been determined to continue as a class action. Once the statute of limitations has been told, it remains told for all members of the putative class until certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action. So reliance on the class action alone, on the class action itself, is not enough. You have to do something else. Counsel said that he's okay with getting tolling from one of the class actions but not the both, but not both. If you do the math, they filed so late that respondents need tolling from both cases. So if you rule that he's not entitled to tolling in the first case because it was on a class-wide basis, then their claims are time barred under any standard. But let me go back to the basic point that we're trying to make here by enforcing the statute of limitations. We think that if class members get in there early, class representatives apply early, it solves all of these problems. It solves the problem, Justice Kagan, of the $32 claimant. This will enhance Rule 23 because the best class representatives will be there early. The district judge will be able to make the best decision early on. And if we have multiple class actions, fine. The driver of American Pipe was not multiple class actions. American Pipe and Crown Court said we don't want all these individual actions while we're trying to deal with class issues. Dealing with more class issues, better class representatives, we think that's a good thing. We think that the PSLRA, for example, does the same thing for us. So I have to remark that in Crown Court, at the end, in Justice Powell's closing, concurrency said that American Pipe is a very generous rule and it invites abuse. And we think that serial litigation of class actions is that abuse. We ask that the court below be reversed. Thank you. Thank you, counsel. The case is submitted.